UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| RAYMOND GOSSELIN,<br><br>    Plaintiff,<br><br>v.<br><br>BORALEX LIVERMORE FALLS, LP;<br>BORALEX INDUSTRIES, INC. and;<br>BORALEX, INC.<br><br>    Defendants. | )<br>)<br>)<br>)  Civil Action No._____<br>)<br>)  (A jury trial is requested)<br>)<br>)<br>)<br>)<br>) |

**NOW COMES** the Plaintiff, Raymond Gosselin, by and through undersigned counsel, and complains against the Defendants, Boralex Livermore Falls, LP, Boralex Industries, Inc., and Boralex, Inc. (collectively referred to hereafter as "Boralex"), as follows:

**Introduction**

1.  Plaintiff Gosselin's claims arise under the Maine Human Rights Act (MHRA) and the Fair Labor Standards Act (FLSA). The Defendants discriminated against Mr. Gosselin because he is disabled under the MHRA and because they regarded him as disabled under the MHRA. The Defendants discriminated against Mr. Gosselin because he reported violations of the FLSA. The Defendants also subjected Mr. Gosselin to an unlawful medical exam which violated his rights under the MHRA.

**Parties**

2.  Plaintiff Gosselin is a resident of Fayette, Maine.

3.  Defendants are an integrated enterprise that own and operate a power plant in Livermore Falls, Maine. Boralex Livermore Falls, LP and Boralex Industries, Inc. are wholly owned subsidiaries of Boralex, Inc. Boralex Livermore Falls, LP has its principal place of business

in Livermore Falls, Maine. Boralex Industries, Inc. has its principal place of business in Stratton, Maine. Boralex, Inc. has its principal place of business in Quebec, Canada.

4. The Defendants operate as a single employer. They have common ownership and common management. They exercise centralized control of labor relations with their employees. Their operations are interrelated.

**Jurisdiction**

5. Jurisdiction is present pursuant to 28 U.S.C. § 1331. The Court's supplemental jurisdiction is also invoked pursuant to 28 U.S.C. § 1367(a).

**Factual Allegations**

6. Mr. Gosselin has worked at the power plant in Livermore Falls, Maine which Boralex currently owns since 1992. During that period of time the ownership of the plant has changed. Boralex became the owner of the plant in 2001.

7. Mr. Gosselin suffers from heart disease. At all relevant times, Mr. Gosselin's heart disease was a disability under the MHRA. At all relevant times, Boralex regarded Mr. Gosselin as someone with a disability under the MHRA. Also, at all relevant times, Mr. Gosselin had a record of being someone with a disability under the MHRA.

8. In April of 2006 Mr. Gosselin asked the plant manager Michael Daigle about an open Shift Supervisor position. Mr. Gosselin expressed interest in the position. Mr. Daigle told Mr. Gosselin that he had concerns about Mr. Gosselin working as a Shift Supervisor because he did not think he could physically handle the job with his heart condition. However, Mr. Daigle told Mr. Gosselin that he would give Mr. Gosselin a trial run in the position.

9. On July 31, 2006 Mr. Gosselin spoke to a manager named David Ettinger about issues with his timecard. In order to transition from shift to shift, Mr. Gosselin worked about 15

minutes before and after his scheduled shift. Boralex management was pressuring Mr. Gosselin and other employees to not record all of the time they worked before and after their scheduled shifts on their timecards. Mr. Gosselin told Mr. Ettinger that he thought Boralex was violating state and federal labor laws because it pressured employees to under report the time they worked so that the company would not have to pay them for all of the time they worked. In fact, the U.S. Department of Labor had previously determined that the company had violated the FLSA when it did not pay employees for the time they worked before and after their scheduled shifts. Mr. Gosselin told Mr. Ettinger that he thought Boralex was still violating the law just like it had before the Department of Labor investigation.

10. On September 1, 2006, even though Mr. Daigle never gave Mr. Gosselin the trial run in the Shift Supervisor position that he had promised to give to Mr. Gosselin, Boralex told Mr. Gosselin that it would not hire him for the open Shift Supervisor position. Boralex did not hire Mr. Gosselin for this open Shift Supervisor position because of (a) Mr. Gosselin's heart disease; (b) because it regarded him as someone with a disability under the MHRA; and (c) because he had complained about Boralex's unlawful practice of not paying employees for all of the time they worked before and after their shift.

11. On February 13, 2007 Mr. Gosselin filed a Charge of Discrimination with the Maine Human Rights Commission.

12. On June 19, 2007, after Boralex received notice of Mr. Gosselin's Charge of Discrimination, Mr. Daigle offered the Shift Supervisor position to Mr. Gosselin conditioned upon his successful completion of a medical examination.

3

13. Before Mr. Daigle offered this Shift Supervisor position to Mr. Gosselin, Boralex had not conditioned job offers to other applicants for Shift Supervisor positions on the successful completion of a medical exam.

14. This medical examination was not job-related and consistent with business necessity.

15. Boralex required Mr. Gosselin to undergo this medical exam because of his disability; because it regarded him as someone with a disability; and because he had filed a Charge of Discrimination.

16. Mr. Gosselin underwent the medical exam that Boralex required him to undergo in order to become a Shift Supervisor. On July 18, 2007, Boralex notified Mr. Gosselin that it was going to permit him to work as a Shift Supervisor.

17. On August 3, 2007, Mr. Gosselin supplemented his Charge of Discrimination. He alleged that Boralex violated his rights under the MHRA when it required him to undergo a medical examination before it would let him work as a Shift Supervisor.

18. On August 13, 2007, the Maine Human Rights Commission issued Mr. Gosselin a right-to-sue letter. He has exhausted all administrative remedies.

## COUNT ONE—Maine Human Rights Act

19. Plaintiff repeats and realleges the allegations contained in paragraphs 1-18 above.

20. Boralex violated Mr. Gosselin's rights under the MHRA when it discriminated against him because of his disability, because it regarded him as someone with a disability, and/or because he had a record of a disability. Boralex also violated Mr. Gosselin's rights under the MHRA when it required him to undergo a medical examination before it would let him work as a Shift Supervisor.

4

21. Boralex violated Mr. Gosselin's rights under the MHRA when it discriminated against him because he reported unlawful activity. His report of unlawful activity was a protected action under Maine's Whistleblower Protection Act. 26 M.R.S.A. § 831 et seq.

22. As a direct and proximate result of Boralex's violations of Mr. Gosselin's rights under the MHRA, Mr. Gosselin suffered damages including, but not limited to, lost income, inconvenience, and loss of enjoyment of life.

23. Boralex intentionally violated the MHRA with malice and/or with reckless disregard for Mr. Gosselin's rights.

WHEREFORE, Plaintiff demands judgment against Defendants in an amount sufficient to fairly and reasonably compensate him for all past and future injuries and damages; plus his attorney's fees, punitive damages, litigation costs, interest, and any other relief this Court deems just and equitable.

**COUNT TWO—Fair Labor Standards Act**

24. Plaintiff repeats and realleges the allegations contained in paragraphs 1-23 above.

25. Boralex violated Mr. Gosselin's rights under the FLSA when it discriminated against him because he complained about Boralex's violations of the FLSA. 29 U.S.C. § 215.

26. As a direct and proximate result of Boralex's violations of Mr. Gosselin's rights under the FLSA, Mr. Gosselin suffered damages including, but not limited to, lost income, inconvenience, and loss of enjoyment of life.

27. Boralex intentionally violated the FLSA with malice and/or with reckless disregard for Mr. Gosselin's rights.

WHEREFORE, Plaintiff demands judgment against Defendants in an amount sufficient to fairly and reasonably compensate him for all past and future injuries and damages; plus his

attorney's fees, punitive damages, litigation costs, interest, and any other relief this Court deems just and equitable.

Date:   May 20, 2008                                             */s/ Peter L. Thompson*
                                                                 Peter L. Thompson
                                                                 Allan K. Townsend
                                                                 Attorneys for the Plaintiff

                                                                 ***Peter Thompson & Associates***
                                                                 92 Exchange Street, 2nd Floor
                                                                 Portland, Maine 04101
                                                                 Phone: (207) 874-0909
                                                                 Fax:   (207) 874-0343
                                                                 peter@ptlawoffice.com

CERTIFICATE OF SERVICE

I certify that I served the foregoing document upon all counsel of record through this Court's electronic filing system on the date below.

Date: May 20, 2008                                               */s/ Peter L. Thompson*